UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD SULLIVAN, JR.,

          Plaintiff,                    Civil No. 07-12218
                                                  Hon. David M. Lawson
v.                                                     Magistrate Judge Virginia M. Morgan

MICHIGAN DEPARTMENT OF
CORRECTIONS, TERESA WILLIAMS,
JOHN L. ABDOO, SHIRLEY GORDON,
LINDA TRIBLEY, RUM SPRADER,
J. KILLIPS, and S. COFFEY,

          Defendants.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, OVERRULING DEFENDANTS' OBJECTIONS,
GRANTING MOTIONS FOR SUMMARY JUDGMENT BY DEFENDANTS
MDOC, WILLIAMS, ABDOO, GORDON, KILLIPS, AND COFFEY, DISMISSING
COMPLAINT AS TO THOSE DEFENDANTS, DENYING MOTION FOR
SUMMARY JUDGMENT BY DEFENDANTS TRIBLEY AND SPRADER,
AND CONTINUING ORDER OF REFERENCE FOR PRETRIAL PROCEEDINGS**

       This matter is before the Court on the objections by defendants Linda Tribley and Resident Unit Manager Sprader to a report filed by Magistrate Judge Virginia M. Morgan recommending that a motion for summary judgment filed by all the defendants be granted except as to Tribley and Sprader. The plaintiff is a prisoner in the custody of the Michigan Department of Corrections who filed a *pro se* complaint alleging that prison officials retaliated against him for exercising First Amendment rights by transferring him to a different prison, destroyed his typewriter that he used to prepare court papers, and were deliberately indifferent to his security needs by failing to protect him from the assaults of an inmate despite his prior warning that he was in danger. The case was referred to Judge Morgan to conduct all pretrial proceedings under 28 U.S.C. § 636(b)(1)(B). The defendants filed a motion for summary judgment raising several grounds, and on May 7, 2008, Judge

Morgan filed a report recommending that the motion be granted as to defendants MDOC, Williams, Abdoo, Gordon, Killips and Coffey and denied as to defendants Tribley and Sprader. The plaintiff filed no objections, but Tribley and Sprader filed timely objections, contending that they too should be dismissed from the action. The Court has reviewed the file, the report and recommendation, the defendants' objections, and the plaintiff's response and has made a *de novo* review of the record. The Court concludes that the objections to the report and recommendation lack merit, and the motion should be denied as to defendants Tribley and Sprader. The other defendants' motion for summary judgment will be granted and the case dismissed as to them.

I.

The plaintiff is a prisoner of the State of Michigan, after having been given a lengthy prison sentence on July 14, 1997. He originally was incarcerated at Ryan Regional Facility. While there, he set about to challenge the calculation of his release date, which he believed was incorrect in light of the credit for time served awaiting trial given him by the sentencing judge. While the litigation he commenced was pending in state court, plaintiff Sullivan was transferred to Newberry Correctional Facility, a move that forms the basis of the plaintiff's retaliation claim.

The plaintiff's claims against defendants Tribley and Sprader arise from events that occurred at Newberry. As the magistrate judge described, the plaintiff was placed into Housing Unit 5 there, at which time the prisoners in his twelve-man cube began complaining about his practice of typing and keeping the lights on. He alleges that he sent a kite to his Resident Unit Manager (RUM), Mr. Pittman, asking to be moved to Unit 11, which had typing booths, and that Mr. Pittman responded that the plaintiff would be put on the move list. The plaintiff alleges that he began receiving threats from prisoners on a daily basis because of his typing and the lights, so he wrote assistant deputy

warden (ADW) Tribley, informing her of the threats and the possibility of an altercation, and he repeated his request to move to Unit 11. The plaintiff alleges that Tribley ignored his request and never responded. Tribley claims to have never received the letter, and she was only aware of a kite in which the plaintiff never mentioned any threats. The plaintiff also alleges that he wrote a letter to RUM Sprader on May 31, 2006, reiterating his concerns about the threats. Sprader also claims he did not receive the letter from the plaintiff.

Apparently, on June 12, 2006 the plaintiff was assaulted from the back by an unknown assailant while in the prison yard. He claims he was "bleeding profusely" and ran into health services. Compl. at ¶ 27. The defendants, however, claim that the plaintiff exaggerates the severity of his wound, which was treated with a simple dressing. The plaintiff was placed into protective custody at his request on June 15, 2006, and transferred to another Level II facility on June 16, 2006. During the transfer, the plaintiff's typewriter was damaged, which is the basis of his claims against some of the other defendants.

The plaintiff claims that the assault was a direct result of defendants Tribley's and Sprader's deliberate indifference to his obvious security needs when they ignored his plea for help and failed to take any action to move him to another housing unit after he wrote to them in May 2006. On September 24, 2007, the defendants filed the motion for summary judgment. Defendants Tribley and Sprader argue that they are entitled to summary judgment because plaintiff failed to exhaust his administrative remedies and they had no knowledge of any threat of assault to plaintiff. The plaintiff responded that he contacted both Tribley and Sprader regarding the threats against him and their statements that they had no notice are fraudulent and perjured.

The other defendants advanced several arguments in support of their respective positions. On May 7, 2008, Magistrate Judge Morgan issued a report recommending that the claims against defendants MDOC, Williams, Abdoo, Gordon, Killips, and Coffey be dismissed with prejudice, and that the claim against defendants Tribley and Sprader be allowed to proceed. The magistrate judge suggested that the plaintiff had met the exhaustion requirement, and, taking the evidence in a light most favorable to the plaintiff, she found that a material fact question precluded summary judgment on the question whether Tribley and Sprader were informed of the dangers the plaintiff was facing and did nothing as a result of their deliberate indifference. The magistrate judge also concluded that these defendants were not entitled to qualified immunity.

Both these defendants filed timely objections. They did not challenge the conclusion that the plaintiff properly exhausted his administrative remedies or that they were not entitled to qualified immunity. However, the defendants reiterated that they never received the letters from the plaintiff, and therefore the evidence does not meet the subjective component of a deliberate indifference claim since they could not have drawn an inference that a substantial risk of serious harm existed. Also, the defendants argued for the first time that the plaintiff failed to offer evidence of the objective component, since neither of the letters he supposedly sent to these defendants expressed a clear threat to the plaintiff by another inmate.

The plaintiff filed a response summarizing the contents of the letters he allegedly sent to the defendants. He says that circumstances undermine the defendants' claim that they did not receive his letters since other prison officials received institutional mail from him, he used normal channels to transmit his communications, and Tribley and Sprader, the officials who were in a position to respond to his personal safety concerns, are the only ones to deny receiving it.

II.

Objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

The plaintiff did not challenge the recommendation to grant the motions to dismiss as to defendants MDOC, Williams, Abdoo, Gordon, Killips, and Coffey. Therefore, the Court will adopt the report and recommendation as to those motions. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (holding that the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Likewise, defendants Tribley and Sprader did not object to the conclusions that the plaintiff exhausted his administrative remedies and they are not entitled to qualified immunity. Since those issues are not "dispositive and contentious,"*Miller,* 50 F.3d at 380, the Court will not address them and the defendants will be deemed to have accepted them, *Thomas*, 474 U.S. at 149-50; *Smith*, 829 F.2d at 1373.

The Supreme Court has held that the Eighth Amendment imposes upon prison officials the duty to "provide humane conditions of confinement," and among the obligations attendant to the discharge of that duty is to "ensure that inmates receive adequate food, clothing, shelter, and medical

-5-

care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Prison officials also have a duty under the Eighth Amendment to protect prison inmates under their supervision from intentional violence visited upon them by other inmates. *Id.* at 834. This obligation, however, is not unqualified. To the contrary, it is tightly circumscribed by rules requiring certain levels of proof when a prisoner argues that his conditions of confinement have crossed the boundary established by "contemporary standards of decency" incorporated into Eighth Amendment jurisprudence. *See Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (observing that "the Eighth Amendment 'must draw its meaning from the evolving standards of decency that mark the progress of a maturing society.'" (quoting *Trop v. Dulles*, 356 U.S. 86, 101 (1958) (plurality opinion))). Therefore, although under the Eighth Amendment prisoners have a constitutional right to protection from violence, that right is violated only when corrections officials are deliberately indifferent to the prisoner's serious needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976).

A claim that the Eighth Amendment has been violated by a prison official's deliberate indifference to a prisoner's security needs requires proof of both a subjective and an objective component. *Farmer*, 511 U.S. at 834. To satisfy the objective component, the plaintiff must allege that the security risk he faces is "sufficiently serious." *Farmer*, 511 U.S. at 834.

To satisfy the subjective component, the plaintiff must show that "the prison official possessed 'a sufficiently culpable state of mind'" in failing to act to protect the inmate. *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005) (quoting *Farmer*, 511 U.S. at 834); *see also Green v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) ("In order to establish liability under the Eighth Amendment for a prison official's failure to protect her, an inmate must demonstrate that the official was deliberately indifferent to a substantial risk of serious harm to the inmate.") (internal quotation

marks omitted). Although "it is not necessary that the prison officials consciously sought to inflict pain by withholding [protection]," *Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988), "[m]ere negligence is not sufficient," *Hicks v. Frey*, 992 F.2d 1450, 1455 (6th Cir. 1993). Rather, the plaintiff must "show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). In other words, "[t]he official's conduct 'must demonstrate deliberateness tantamount to an intent to punish.'" *Ibid.* (quoting *Molton*, 839 F.2d at 243). This requirement "follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991)).

The argument that the plaintiff failed to satisfy the objective component of the deliberate indifference test was not raised before the magistrate judge. Rather, it was raised by the defendants for the first time in their objections. Courts generally will not consider arguments on review that were not raised before the magistrate judge:

> Petitioner did not raise this claim in his initial § 2255 motion. Rather, it was first raised in his supplemental objections to the magistrate judge's final Report and Recommendation. The magistrate thus never had the opportunity to consider this issue. Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate. *See United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) ("issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived")); *see also Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994); *Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988); *Anna Ready Mix, Inc. v. N.E. Pierson Constr. Co., Inc.*, 747 F. Supp. 1299, 1302-03 (S.D. Ill. 1990). Hence, Petitioner's failure to raise this claim before the magistrate constitutes waiver.

*Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *see also Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) (stating that the Magistrates Act was not intended "to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court"), *rev'd on other grounds United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992) (en banc); *Jesselson v. Outlet Assocs. of Williamsburg*, 784 F. Supp. 1223, 1228 (E.D. Va. 1991) ("A magistrate's decision should not be disturbed on the basis of arguments not presented to him.").

Because the defendants did not raise the argument in their motion before the magistrate judge that the plaintiff did not face a substantial risk of harm, they have waived it. The magistrate did not have the opportunity to consider this argument; in fact, she noted in her report: "In this case, defendants do not dispute that the alleged deprivation was objectively sufficiently serious and, instead, argue that they did not know of any danger to plaintiff and therefore they did not act with deliberate indifference." R & R at 27. Moreover, the Court finds that a genuine issue of material fact exists on whether the plaintiff's situation constitutes a sufficiently serious risk of harm.

Similarly, the Court finds that the defendants' objection that the facts do not support a finding on the subjective component of a deliberate indifference claim is not well taken. In their motion for summary judgment, the defendants deny having received the letters allegedly sent by the plaintiff. The plaintiff contests this fact and attached an affidavit to his motion response in which he states that he sent these letters and also tried to meet with Sprader to seek relief from his perceived security problem. He points to the institutional practice of mail delivery and disputes the defendants' credibility in their claim that they never received the letters that were duly sent.

The magistrate judge viewed the evidence in the light most favorable to the plaintiff, as she was required to do at this stage of the proceedings. That means that the credibility of the witnesses is not to be considered. *In re Scrap Metal Antitrust Litigation*, 527 F.3d 517, 532 (6th Cir. 2008) (noting that in summary judgment proceedings, "the evidence should not be weighed, and the credibility of the witnesses should not be questioned . . .; instead, the evidence should be viewed in the light most favorable to the party against whom the motion is made, and that party given the benefit of all reasonable inferences") (quoting *Tisdale v. Fed. Exp. Corp.*, 415 F.3d 516, 531 (6th Cir. 2005)) (internal quotation marks omitted). The Court agrees with the magistrate judge that genuine issues of material fact exist and defendants Tribley and Sprader are not entitled to summary judgment.

### III.

On the issues that defendants Tribley and Sprader properly raised and preserved for review, the Court finds that the magistrate judge was correct, and fact questions preclude summary judgment for these defendants. The other defendants, however, are entitled to be dismissed from this lawsuit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt #34] is **ADOPTED**.

It is further **ORDERED** that the defendants' objections to the recommendation [dkt #35] are **OVERRULED**.

It is further **ORDERED** that the defendants' motion for summary judgment [dkt # 20] is **GRANTED IN PART AND DENIED IN PART**. Summary judgment is **GRANTED** as to defendants MDOC, Williams, Abdoo, Gordon, Killips, and Coffey. Summary judgment is **DENIED** as to defendants Tribley and Sprader.

It is further **ORDERED** that the matter is referred to Magistrate Judge Virginia M. Morgan under the previous reference order [dkt #24] to resolve pending motions and ready the matter for trial, and to conduct a trial if the parties consent under 28 U.S.C. § 636(c)(1).

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 28, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 28, 2008.

s/Felicia M. Moses
FELICIA M. MOSES