UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD SULLIVAN,

        Plaintiff,                 CIVIL ACTION NO. 07-12218

        v.                             DISTRICT JUDGE DAVID M. LAWSON

MICHIGAN DEPARTMENT OF       MAGISTRATE JUDGE VIRGINIA M. MORGAN
CORRECTIONS, TERESA WILLIAMS,
JOHN L. ABDOO, SHIRLEY GORDON,
LINDA TRIBLEY, SCOTT SPRADER,
JAMES KILLIPS, and SCOTT COFFEY,

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO TRANSFER
CASE TO WESTERN DISTRICT OF MICHIGAN**

**I. Introduction**

      This is a *pro se* 42 U.S.C § 1983 action in which the plaintiff, an inmate in the custody of the Michigan Department of Corrections (MDOC), alleges that defendants, MDOC and employees of MDOC violated his rights under the United States Constitution. On July 28, 2008, the Honorable David M. Lawson issued an order adopting this Court's report and recommendation that all of the defendants except Tribley and Sprader be granted summary judgment (D/E #37). The matter now comes before the Court on defendants Tribley and Sprader's motion to transfer venue (D/E #43). For the reasons stated below, this Court

-1-

recommends that defendants' motion be **GRANTED** and that this case be transferred to the United States District Court for the Western District of Michigan.

## II.  Background

### A.  Factual Allegations

At all times relevant to this action, plaintiff was an inmate in the custody of MDOC.  The incidents giving rise to plaintiff's complaint took place at the Ryan Regional Facility (RRF) in Detroit, Michigan, the Newberry Correctional Facility (NCF) in Newberry, Michigan, and the Kinross Correctional Facility (KCF) in Kincheloe, Michigan.

On July 14, 1997, plaintiff was sentenced in Michigan state court to serve 22 years to 50 years' imprisonment for second-degree murder, and two years' imprisonment for possession of a firearm during the commission of a felony.  (Complaint, ¶ 14)  At that time, Judge Vera Massey Jones ordered that plaintiff be awarded 1,352 jail credit days for the felony-firearm sentence. (Complaint, ¶ 14)  On September 11, 1997, Judge Jones amended her prior order and found that plaintiff should be awarded 730 jail credit days on the felony-firearm sentence and 622 jail credit days on the second-degree murder sentence.  (Complaint, ¶ 14)

While residing at RRF, plaintiff wrote Williams and asked why his early release was set for 2013 instead of 2009 or 2011.  (Complaint, ¶ 15)  Plaintiff also stated that he was entitled to a certificate of discharge on his felony-firearm sentence because that sentence was completed prior to MDOC taking custody of plaintiff.  (Complaint, ¶ 15)  Plaintiff found Williams' response unsatisfactory, so he filed a grievance.  (Complaint, ¶ 15)  The grievance was denied at all three steps of the MDOC grievance process as without merit.  (Complaint, ¶¶ 15-17)

On June 9, 2005, plaintiff filed a writ of habeas corpus against Raymond D. Booker, the warden at RRF. (Complaint, ¶ 19) Subsequently, plaintiff filed a civil action against Booker. (Complaint, ¶ 19) That civil action was involuntarily dismissed and plaintiff filed an appeal with the Michigan Court of Appeals. (Complaint, ¶ 19) After the clerk at the Michigan Court of Appeals directed plaintiff to pay a partial filing fee, Abdoo and Gordon had plaintiff transferred to NCF on April 18, 2006. (Complaint, ¶ 19) Additionally, while Abdoo and Gordon transferred plaintiff to NCF, they purposely withheld the transfer of plaintiff's institutional funds so plaintiff could not pay the partial filing fee. (Complaint, ¶ 19)

While residing in a twelve-man cube at NCF, plaintiff used a typewriter and an overhead light to draw up documents. (Complaint, ¶ 24) The other inmates in the cube began to complain about the typing and the light, and subsequently, they threatened plaintiff. (Complaint, ¶¶ 24-25) Plaintiff informed defendant Tribley by letter of the threats and the possibility of a serious altercation, but she never responded. (Complaint, ¶ 25) Plaintiff also sent a letter to defendant Sprader, but he never responded either. (Complaint, ¶ 26) On June 12, 2006, plaintiff was assaulted from behind by an unknown assailant while leaving his housing unit. (Complaint, ¶ 27)

**B.  Procedural History**

On May 22, 2007, plaintiff filed a complaint against defendants. (D/E #1) In Count I, plaintiff alleged that he is unconstitutionally being forced by MDOC and Williams to serve a longer term of imprisonment than he was sentenced to serve. (Complaint, ¶ 17) In Count II, plaintiff alleged that Abdoo and Gordon violated his rights through an improper, retaliatory

transfer and that, by transferring plaintiff to a "high assaultive facility," Abdoo and Gordon are the direct and proximate cause of the assault plaintiff suffered at NCF. (Complaint, ¶¶ 19-22) In Count III, plaintiff alleged that both Tribley and Sprader failed to respond to the threats against plaintiff and, therefore, they are directly responsible for plaintiff being assaulted. (Complaint, ¶ 30) In Count IV, plaintiff alleged that both Killips and Coffey are responsible for the damage done to plaintiff's typewriter during plaintiff's prison transfer. (Complaint, ¶¶ 32-33) In Count V, plaintiff repeated and elaborated on his earlier allegations. (Complaint, ¶¶ 35-42)

On September 24, 2007, defendants filed a motion for summary judgment (D/E #20). On October 22, 2007, plaintiff filed a response to defendants' motion for summary judgment (D/E #27).

On May 7, 2008, this Court issued a report and recommendation finding that defendants MDOC, Williams, Abdoo, Gordon, Killips and Coffey were entitled to summary judgment. (D/E #34). Specifically, this Court found that the MDOC was entitled to Eleventh Amendment immunity, plaintiff's claim against Williams was directly challenging the duration of plaintiff's confinement and, therefore, it could not be brought pursuant to § 1983, plaintiff failed to demonstrate that a genuine issue of material fact existed as to his claim against Abdoo and Gordon, and plaintiff was barred from bringing a procedural due process claim against Killips and Coffey given the availability of post-deprivation remedies in the state of Michigan to redress a loss of property. This Court also found that plaintiff had met the exhaustion requirement with respect to his claim against Tribley and Sprader, and that, taking the evidence in a light

most favorable to the plaintiff, a material fact question precluded summary judgment on the question whether Tribley and Sprader were informed of the dangers plaintiff was facing and did nothing as a result of their deliberate indifference.

Tribley and Sprader filed objections to the report and recommendation (D/E #35). On July 28, 2008, the Honorable David M. Lawson issued an order, adopting this Court's report and recommendation and granting summary judgment to all of the defendants except Tribley and Sprader (D/E #37).

### C.  Motion Before the Court

On August 22, 2008, defendants Tribley and Sprader filed the motion for change of venue pending before the Court (D/E #43). In that motion, defendants argue that it more convenient, less expensive to the parties and in the interest of justice, for this action to be adjudicated by the United States District Court for the Western District of Michigan because plaintiff, both remaining defendants, all witnesses, and all the evidence are situated within the Western District.

On September 9, 2008, plaintiff filed a response to defendants' motion for change of venue (D/E #55). In that response, plaintiff argues that defendants' request is untimely given their chances to bring this motion before. Plaintiff also argues that a change in venue is not appropriate because he has witnesses, including his mother, that live in the Eastern District and that defendants have not submitted any witness list. Plaintiff further argues that defendants are making their motion for tactical reasons.

**III. Analysis**

28 U.S.C. § 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Under § 1404(a), "a district court 'has broad discretion to grant or deny [a] motion to transfer a case.'" Phelps v. McClellan, 30 F.3d 658, 663 (6th Cir.1994), quoting Cote v. Wadel, 796 F.2d 981, 985 (7th Cir. 1986). The moving party bears the burden of showing, by a preponderance of the evidence, that a change of venue is warranted. Amphion, Inc. v. Buckeye Elec. Co., 285 F.Supp.2d 943, 946 (E.D. Mich.2003).

"To transfer an action under section 1404(a) the following criteria must be met: (1) the action could have been brought in the transferee district court; (2) a transfer serves the interest of justice; and (3) a transfer is in the convenience of the witnesses and parties." Kepler v. ITT Sheraton Corp., 860 F.Supp. 393, 398 (E.D.Mich.1994) (Gadola, J.). As an initial matter, the Court finds that this case could have been brought in Western District of Michigan. Tribley and Sprader are Michigan citizens and the events giving rise to the claims against them occurred in the Western District. See 28 U.S.C. § 1391(a).[1] The Court therefore considers whether the transfer serves the interest of justice and the convenience of the witnesses and parties. Kepler, 860 F.Supp. at 398.

To determine whether a motion to transfer venue pursuant to § 1404(a) should be granted, this Court must weigh a number of case-specific factors, including the following: (1) the

---

[1] Plaintiff's claim against Tribley and Sprader arises out of events that occurred at NCF. NCF is located in Luce County, Michigan, which is within the territorial boundaries of the United States District Court for the Western District of Michigan. 28 U.S.C. § 102(b)(2).

convenience of the parties, (2) the convenience of the witnesses, (3) accessibility to sources of proof, (4) the availability of process to compel attendance of unwilling witnesses, (5) the costs of obtaining willing witnesses, (6) the practical problems of trying the case most expeditiously and inexpensively, and (7) the interests of justice. Kepler, 860 F.Supp. at 398.

Regarding the first factor, it is well-established that a plaintiff's choice of forum is given substantial deference, Thomas v. Home Depot, U.S.A., Inc., 131 F.Supp.2d 934, 937 (E.D. Mich.2001) (Gadola, J.), and "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Stewart v. Dow Chemical Co., 865 F.2d 103, 106 (6th Cir. 1989) (quoting Gulf Oil Co. v. Gilbert, 330 U.S. 501, 508-08, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947)). Nevertheless, in this case, the convenience of the parties supports the transfer as plaintiff and the remaining defendants all reside in the Western District.

With respect to the second factor, it has been held that "[w]itnesses' convenience is one of the most important factors in determining whether to grant a motion to change venue under § 1404(a)." Thomas, 131 F.Supp.2d at 937. The court in Thomas further explained:

> In weighing the convenience of the witnesses, more important than raw numbers of witnesses living in a particular jurisdiction is the residence of the key witness or witnesses. One chief witness's convenience, in fact, may outweigh the convenience of the other, less significant witnesses. This is why the parties should provide each witness's name and an outline of what material testimony that witness would provide. Only when the Court is armed with such information can it properly assess the convenience of the witnesses. [Thomas, 131 F.Supp.2d at 937.]

In this case, neither party has provided the names of witnesses or an outline of what material testimony each witness will provide, so the Court is not able to properly assess the

convenience of witnesses. However, it is undisputed that the actions providing the basis for the remaining claims all took place at correctional facilities in the Western District and, therefore, it is likely that most of the material witnesses reside there. Plaintiff indicates that his mother will be a witness and that she resides in the Eastern District, but he does not describe her testimony and it is unclear what material testimony she would have with respect to plaintiff's claim that Tribley and Sprader failed to respond to the threats against plaintiff and, therefore, were directly responsible for plaintiff being assaulted. (Complaint, ¶ 30)

Similarly, neither brief discusses in much detail any of the other factors mentioned by the court in Kepler; accessibility to sources of proof, the availability of process to compel attendance of unwilling witnesses, the costs of obtaining willing witnesses, the practical problems of trying the case most expeditiously and inexpensively, or the interests of justice. Kepler, 860 F.Supp. at 398. Once again, however, it is more likely that, given where the claims arose, each factor supports a transfer. The documentary evidence and witnesses, both willing and unwilling, appear to be in the Western District. Plaintiff does argue that the interests of justice compel a denial of defendants' motion because they could have brought their motion earlier, but defendants correctly note that they are now the only defendants remaining and that they are arguing for a change of venue pursuant to 28 U.S.C. § 1404(a) rather than arguing that venue was improper under 28 U.S.C. § 1391 and 28 U.S.C. § 1406.

As noted above, the burden is on defendants to show, by a preponderance of the evidence, that a change of venue is warranted. Amphion, 285 F.Supp.2d at 946. In this case, the Court finds that, while there is little argument with respect to some of the relevant factors,

defendants have met their burden of showing that a change in venue is warranted given where the claims arose, the location of the parties, and the probable location of witnesses and sources of proof.

**IV. Conclusion**

For the reasons stated above, this Court recommends that defendants Tribley and Sprader's motion be **GRANTED** and that this case be transferred to the United States District Court for the Western District of Michigan.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                                 s/Virginia M. Morgan
                                                 Virginia M. Morgan
                                                 United States Magistrate Judge

Dated: September 19, 2008

---

### PROOF OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on September 19, 2008.

                                                 s/Jane Johnson
                                                 Case Manager to
                                                 Magistrate Judge Virginia M. Morgan